UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFAEL BELFIELD,

                          Plaintiff,

                                                          DECISION AND ORDER

                                                          10-CV-6688L

                v.

D. LEONARD, Correctional Officer,
Attica Correctional Facility, et al.,

                          Defendants.
_____

       Plaintiff, Rafael Belfield, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. At the time that he filed the complaint in 2010, plaintiff was in the custody of the New York State Department of Correctional Services ("DOCS").[1] Plaintiff alleged various violations of his rights while he was in DOCS custody. The three defendants are all correction officers employed by DOCS.

       Defendants now move to dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on plaintiff's failure to prosecute this action. In support of their motion, defendants note that plaintiff failed to appear for a scheduling conference before Magistrate Judge Jonathan W. Feldman, which had been scheduled for June 29, 2011.

       Defendants' motion is granted. Besides missing the conference, without explanation, plaintiff has ceased communicating with the Court since January 2011, when he notified the Court of a change of address, apparently occasioned by his release from DOCS custody. *See* Dkt. #7.

       Whether to dismiss an action for failure to prosecute is committed to the discretion of the district court. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam). In making that determination, the court should consider: (1) the duration of the delay

---

[1] DOCS has since merged with the New York State Division of Parole to become the Department of Corrections and Community Supervision ("DOCCS"). *See* http://www.doccs.ny.gov/FactSheets/DOCS-Parole-Merger.html.

caused by plaintiff's failure to prosecute; (2) whether plaintiff was put on notice that further delay would result in dismissal; (3) the likelihood that defendants would be prejudiced by further delay; (4) the need to alleviate court calendar congestion, as balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *Id.* No one of these factors is dispositive. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996).

Besides the considerable duration of plaintiff's failure to prosecute this action, I note that the scheduling order concerning defendants' motion to dismiss expressly warned plaintiff that "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION ... ." Dkt. #15 at 1. It appears, then, that plaintiff has simply lost interest in prosecuting this action, and I see no reason to burden the Court or defendants any longer with plaintiff's claims. *See Gittens v. Garlocks Sealing Technologies*, 19 F.Supp.2d 104, 108 (W.D.N.Y. 1998) ("Plaintiff has no more right to disobey court orders than a party represented by an attorney, and his *pro se* status does not immunize him from the sanctions authorized by the Federal Rules"); *Lindsey v. Loughlin*, 616 F.Supp. 449, 453 (E.D.N.Y. 1985) (dismissing *pro se* plaintiff's case under Rule 41(b) because of his failure to appear at scheduled conferences, maintain contact with the court, or take other action to prepare case for trial).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #12) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 17, 2012.